## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTOINETTE L. COLLIER,

      Plaintiff,

      v.

AT&T, INC., et al.,

      Defendants.

Case No. 17-2341-JAR-GLR

## MEMORANDUM AND ORDER

Plaintiff Antoinette Collier brings this *pro se* action against her former employer AT&T, Inc., and several supervisors and employees of AT&T, alleging claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), as well as claims related to her termination, promotion, and disparate treatment.  She has been granted leave to proceed *in forma pauperis*.  Before the Court is Defendants' Motion to Dismiss (Doc. 16).  Plaintiff failed to timely respond to this motion, so the Court entered an Order to Show Cause on September 11, 2017, directing Plaintiff to show cause by September 22, 2017, why the motion to dismiss should not be granted as unopposed.[1]  Plaintiff responded to the Order to Show Cause on September 18, 2017, urging the Court to deny Defendants' motion to dismiss.  The Court has considered Plaintiff's filing and is now prepared to rule.  For the reasons described in detail below, the Court grants in part and denies in part Defendants' motion to dismiss.

I.      **Standards**

Defendants move to dismiss in part for failure to administratively exhaust, which is jurisdictional.  The Court evaluates the jurisdictional motion under Fed. R. Civ. P. 12(b)(1).

---

[1] *See* D. Kan. R. 7.4.

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[2]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[3] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[4]  Mere conclusory allegations of jurisdiction are not enough.[5]  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[6]

Defendants also move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[7]  To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[9]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer

---

[2]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[3]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4]*Montoya*, 296 F.3d at 955.

[5]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[6]*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

specific factual allegations to support each claim."[10]  Finally, the Court must accept the

nonmoving party's factual allegations as true and may not dismiss on the ground that it appears

unlikely the allegations can be proven.[11]

      The Supreme Court has explained the analysis as a two-step process.  For the purposes of

a motion to dismiss, the Court "must take all the factual allegations in the complaint as true, [but]

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[12]  Thus,

the Court must first determine if the allegations are factual and entitled to an assumption of truth,

or merely legal conclusions that are not entitled to an assumption of truth.[13]  Second, the court

must determine whether the factual allegations, when assumed true, "plausibly give rise to an

entitlement to relief."[14]  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[15]

      If the Court on a Rule 12(b)(6) motion looks to matters that were not attached to the

complaint or incorporated into the complaint by reference, it generally must convert the motion

to a Rule 56 motion for summary judgment.[16]  However, the Court may consider documents

which are referred to in the complaint if they are central to the plaintiff's claim and the parties do

not dispute their authenticity.[17]  The Court considers the attachments filed with Plaintiff's

---

[10]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[11]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[12]*Id.*

[13]*Id.* at 679.

[14]*Id.*

[15]*Id.* at 678.

[16]Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[17]*See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85.

Complaint on June 12, 2017, including the administrative charge filed with the Missouri Commission on Human Rights.[18]

## II.      Background

The following facts are construed in the light most favorable to Plaintiff.[19]  Plaintiff worked for AT&T for over twenty years with no work-related complaints.  She worked in the finance and accounts receivable group from April 1, 2013, until on or around February 27, 2017.  On July 14, 2016, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, asserting disability discrimination and retaliation.  "AT&T" was the only named respondent in the Charge.  In the narrative portion of the Charge, Plaintiff alleged her claim as follows:

> I filed EEOC Charge #563-2016-01020 on March 18, 2016. On March 22, 2016, I was informed by management that my request for accommodation was denied and I was placed on a nine month disciplinary notice. On June 29, 2016, I went out on medical leave. I am scheduled to return to work on July 20, 2016.  I made contact with management to inform them that I was not going to be at work. I was advised that I would be placed on further discipline when I return to work.
>
> Management advised me that my request for accommodations were denied because the company has already provided me with prior accommodations.
>
> I believe that I was denied reasonable accommodations and disciplined because of my disability and in retaliation for filing an EEOC Charge, in violation of the Americans with Disabilities Act Amendments Act of 2008, (ADAAA)[.][20]

---

[18]Doc. 1-5.

[19]As a *pro se* litigant, Plaintiff's pleading is entitled to a liberal construction.  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Barnet v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  At the same time, the Court may not assume the role of advocate for a *pro se* litigant.  *Id.*

[20]Doc. 1-5 at 1.

On or about February 27, 2017, Plaintiff accepted a severance package from AT&T and resigned. On March 10, 2017, the EEOC mailed Plaintiff a Notice of Right to Sue on her July 2016 Charge.  On June 12, 2017, Plaintiff filed her Complaint against AT&T and the Individual Defendants.  She cites to the following statutes as bases for the Court's jurisdiction: Title VII of the Civil Rights Act of 1964, the ADA, Fair Labor Standards Act ("FLSA"), and the Age Discrimination in Employment Act ("ADEA").  Plaintiff states "[a]ll defendants are being sued in their individual capacity."[21] She claims that Defendants complained about her work performance as a pretext for discrimination and retaliation based on her previous requests for reasonable accommodation under the ADA, in violation of AT&T's own internal code of ethics.

In support of her ADA claim, Plaintiff alleged the following wrongful conduct: "termination of my employment," "failure to promote me," "failure to accommodate my disability," "terms and conditions of my employment differ from those of similar employees," "retaliation," and "harassment."  When asked in the Complaint to identify her disability or perceived disability, Plaintiff responded, "See exhibit [G]."[22]  There was no Exhibit G attached to the Complaint.  In the form Complaint where Plaintiff was to explain whether Defendant denied her a reasonable accommodation, Plaintiff responded, "Defendant refused to accommodate A.D.A. made threats of being fired, HR, informed plaintiff Collier that she can do what she want, and totally disregard her complaint."[23]

## III.    Discussion

---

[21]Doc. 1-1 at 2.

[22]Doc. 1 at 3.

[23]*Id.* at  4.

5

Defendants move to dismiss on the following grounds: (1) the Individual Defendants are not amenable to suit because they do not constitute Plaintiff's "employer"; (2) Plaintiff did not administratively exhaust all of the claims asserted in her Complaint; (3) Plaintiff did not timely exhaust the remaining claims alleged in the Complaint; and (4) Plaintiff has not plausibly alleged that she is a qualified individual under the ADA.  The Court agrees that all four grounds asserted by Defendants require dismissal of this action.

### A.      Individual Defendants

The ADA and other employment discrimination statutes cited to by Plaintiff in her Complaint prohibit discrimination and retaliation by an employer or "covered entity" against an employee.[24]  These statutes do not permit personal liability suits against individuals who do not meet the definition of employer under these statutes; there is no supervisory liability.[25]  Plaintiff has pled no facts in her Complaint that would establish that the Individual Defendants qualify as "employers" under the federal employment discrimination statutes; therefore, the claims against the Individual Defendants must be dismissed.

### B.      Administrative Exhaustion

As to AT&T, Plaintiff has failed to exhaust all of the claims alleged in the Complaint. The ADA requires that a Plaintiff administratively exhaust her claims before filing suit.[26]  In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in

---

[24]*See* 42 U.S.C. § 12111(2) and (5) (ADA); 42 U.S.C. §§ 2000e-2(a), 2000e(b) (Title VII); 29 U.S.C. § 623(a) (ADEA).   Under the FLSA, an individual can be an "employer."  29 U.S.C. § 203(d).  In the Tenth Circuit, the courts consider "whether the individual is economically dependent on the business to which he renders service . . . or is, as a matter of economic fact, in business for himself."  *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).  Plaintiff has alleged no facts to support the Individual Defendants' status as "employers" under the FLSA, and as described later in this opinion, has alleged no other facts to support an FLSA claim.

[25]*See Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

[26]42 U.S.C. §§ 2000e-5; 12117(a).

federal court.[27]   Because exhaustion of administrative remedies is a jurisdictional requirement, the plaintiff bears the burden of showing exhaustion.[28]   To exhaust administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or an authorized local agency and receive a right-to-sue letter based on that charge.[29]   The Court must liberally construe the administrative charge to determine whether a particular claim has been exhausted.[30]   The inquiry "is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge."[31]

Plaintiff submitted her charge on July 14, 2016, so any alleged acts or adverse actions occurring after that date have not been administratively exhausted.   There is no way that an administrative investigation could reasonably be expected to include conduct that occurred after the charge was filed.   Therefore, the administrative charge could not include any of Plaintiff's claims regarding her buy-out, or any other adverse action that allegedly took place after July 14, 2016.   Plaintiff's Charge only captures two claims that AT&T failed to accommodate her under the ADA on March 22, 2016, and in July 2016.   All other claims are beyond the scope of the administrative charge and must therefore be dismissed for lack of jurisdiction.

Next, Defendants argue that Plaintiff failed to timely file her Complaint as to the remaining failure to accommodate claims under the ADA.   Under the ADA, Plaintiff could bring suit against Defendant within ninety days after receiving her right-to-sue letter.[32]   The right-to-

---

[27]*Id.*; *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014).

[28]*McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[29]*Mackley*, 296 F.R.D. at 665.

[30]*Jones v. UPS*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[31]*Id.*; *Jones v. Wichita State Univ.*, 528 F. Supp. 2d 1222, 1237 (D. Kan. 2007).

[32]*See* 42 U.S.C. §§ 2000e-5(f)(1), 12117(a).

sue letter was issued on March 10, 2017.[33]  Plaintiff does not allege the date of receipt, but in the

Tenth Circuit, "a presumption of receipt is appropriate whenever the actual receipt date is

unknown or disputed" of three or five days of the date indicated on the right-to-sue letter.[34]

Plaintiff filed her Complaint on June 12, 2017, ninety-four days after the date on the right-to-sue

letter.[35]  Out of an abundance of caution, the Court applies a five-day presumption and

determines that the Complaint was timely as to the exhausted ADA claims.

### C.      Failure to State a Claim

Finally, Defendants argue that Plaintiff's remaining ADA claims fail to state a plausible

claim for failure to accommodate.  To state such a claim, Plaintiff must allege plausible facts

that: (1) she is disabled; (2) she is "otherwise qualified"; and (3) she requested a plausibly

reasonable accommodation."[36]

The only claims Plaintiff administratively exhausted allege that Defendant denied her

requests for reasonable accommodations on March 22, 2016, and again in July 2016.  She does

not specify in her Complaint her alleged disability on those dates; the exhibit she references

when discussing her disability was not in fact attached to the Complaint.  Plaintiff alleges that

she had panic and anxiety attacks in December 2016, but the Court cannot presume that this is

---

[33]Doc. 1-6.

[34]*Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

[35]Plaintiff argues in her response to the Order to Show Cause that the Clerk's office records show that she mailed her Complaint for filing and she should thus benefit from "the mailbox rule" and be credited with three extra days.  The Court disagrees.  First, there is no evidence in the Court record that Plaintiff's Complaint was mailed, other than her certificate of service.  To be sure, the signature date is June 9, 2017.  But no envelope was included with the filing, which the Clerk of Court customarily includes with the record for documents mailed in for filing.  Moreover, the so-called mailbox rule only applies under certain circumstances to pro se prisoner filings.  *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005).   Plaintiff is not a prisoner, thus this rule does not apply to her.  Nor does Fed. R. Civ. P. 6(d) apply to add three days to the statute of limitations period.  That rule only applies where "a party may or must act within a specified time after being served and service is made by mail."  Fed. R. Civ. P. 6(d).  Moreover, that rule only applies to computing time periods specified in the federal rules.  Fed. R. Civ. P. 6(a).  The time period at issue here is a statute of limitations, not a time period specified in the federal rules.

[36]*Hunt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017).

the same disability involved in her March and July 2016 requests.  Furthermore, Plaintiff does not allege facts demonstrating that she is "otherwise qualified," or that she requested a plausibly reasonable accommodation for her specific disability.  Plaintiff's statements that she was denied a reasonable accommodation are conclusory and vague, and do not meet the pleading requirements under *Twombly* and *Iqbal*.[37]

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[38]  Leave need not be granted if amendment would be futile.[39]  However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[40]  This Court cannot say that amendment would be futile as to the claims Plaintiff administratively exhausted.  She alleges that she had never experienced workplace discipline until she became disabled.  She further alleges that AT&T failed to provide her with a reasonable accommodation for this disability.  Because Plaintiff may be able to state an ADA reasonable accommodation claim by alleging more detailed facts, the Court will permit her leave to amend.  If Plaintiff fails to amend her Complaint to provide additional facts about her March and July 2016 failure to accommodate claims by October 13, 2017, this case will be dismissed in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 16) is **granted in part and denied in part with leave to amend**.  The motion is **granted** as to Defendants Kauffman, Valdepena, Dominquez, Campbell, Watson, Thomas,

---

[37]Plaintiff cites the ADEA and FLSA under the section of her Complaint explaining the Court's jurisdiction.  But Plaintiff makes no further reference to these statutes in her Complaint.  To the extent Plaintiff alleges claims under the ADEA or FLSA, they are dismissed with prejudice for failure to state any facts in support.

[38]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[39]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[40]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Arregian, and Lane.  The motion is also **granted** as to all claims other than failure to reasonably accommodate under the ADA on March 22, 2016 and June 2016 against Defendant AT&T.  The motion to dismiss is **denied with leave to amend** as to the remaining claims for failure to reasonably accommodate under the ADA on March 22, 2016 and June 2016 against Defendant AT&T.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted leave to amend her Complaint to cure the defects identified in this Order as to her ADA reasonable accommodation claims included in her administrative charge only.  **If Plaintiff fails to file an amended complaint on or before October 13, 2017, this case will be dismissed in its entirety**.

**IT IS SO ORDERED.**

Dated: September 27, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE