## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTOINETTE L. COLLIER,**

    **Plaintiff,**

    **v.**

**AT&T, INC., et al.,**

    **Defendants.**

**Case No. 17-2341-JAR-GLR**

## MEMORANDUM AND ORDER

Plaintiff Antoinette Collier brings this *pro se* action against her former employer AT&T, Inc., and several supervisors and employees of AT&T, alleging claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), as well as claims related to her termination, promotion, and disparate treatment. She has been granted leave to proceed *in forma pauperis*. On September 27, 2017, the Court granted in part and denied in part Defendants' motion to dismiss.[1] The Court dismissed all claims that were beyond the scope of Plaintiff's administrative charge, including any adverse action that she alleges occurred after July 14, 2016, when her charge was filed. The Court determined that the administrative charge includes only two claims: that AT&T failed to accommodate her under the ADA on March 22, 2016, and again in July 2016. As to these remaining claims, the Court found that Plaintiff's Complaint failed to allege sufficient facts to state a plausible claim for relief under the ADA for failure to accommodate. Accordingly, the Court denied the motion to dismiss with leave to amend as to those remaining claims. The Court set a deadline of October 13, 2017 for Plaintiff to file an amended complaint.

---

[1] Doc. 23.

Before the Court is Plaintiff's timely-filed Motion for Leave to Amend Complaint (Doc. 24). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Plaintiff's motion for leave to amend is denied and Plaintiff's remaining claims are hereby dismissed.

## I.     Standard

Under Fed. R. Civ. P. 15(a), leave to amend is freely given when justice so requires.[2] Courts typically grant leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed or futility of amendment."[3] The local rule in this district requires the moving party to attach the proposed amended document as an exhibit to the motion for leave.[4]

A proposed amendment is futile if the amended complaint would be subject to dismissal.[5] To pass muster under 12(b)(6), "the complaint must give reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[6] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than a "sheer possibility."[7] "[M]ere 'labels and conclusions', and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[8] Finally, the court must accept the nonmoving party's factual

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2015).

[4] D. Kan. R. 15.1(a).

[5] *Anderson v. Merrill Lynch Pierce Fenner & Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[6] *Ridge at Red Hawk LLC. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Kan. Penn. Gaming, LLC v. Collins*, 656 F. 3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

allegations as true and may not dismiss on the grounds that it appears unlikely the allegations can be proven.[9]

**II.   Discussion**

Plaintiff failed to submit to the Court a proposed amended complaint for review.  Instead, she attaches to her motion for leave to amend evidence to support her mental health issues, dated June 6 and July 10, 2017, respectively.[10]  She also attaches the same administrative charge the Court reviewed in its September 27, 2017 Memorandum and Order.   To the extent Plaintiff seeks reconsideration of the Court's determination that her December 2016 claims fall outside the scope of her administrative charge, that motion is denied.[11]

As the Court explained in that Order, to state a plausible claim for failure to accommodate under the ADA, her Complaint must allege facts that if true would establish: "(1) she is disabled; (2) she is 'otherwise qualified'; and (3) she requested a plausibly reasonable accommodation."[12]   The Court advised Plaintiff that her amended complaint needed to include the following facts in order to state a plausible claim: (1) an identification of her disability as of March and July 2016; (2) facts plausibly demonstrating that she was "otherwise qualified"; and (3) facts demonstrating she requested a plausibly reasonable accommodation for her disability.[13] Plaintiff's motion fails to allege these facts, and thus, her failure to accommodate claims must be dismissed under Fed. R. Civ. P. 12(b)(6).

---

[9]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[10]Doc. 24, Exs. G, 1.

[11]*Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining permissible grounds for reconsideration) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[12]*Hunt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017) (quoting *Sanchez v. Vilsack*, 695 F.3d 1174, 1177 (10th Cir. 2012)).

[13]Doc. 23 at 8–9.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 24) is **denied**.  Plaintiff's remaining claims are therefore dismissed.

**IT IS SO ORDERED.**

Dated: November 30, 2017

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        CHIEF UNITED STATES DISTRICT JUDGE